**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4624**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES FRANCIS FINNEGAN,

Defendant - Appellant.

**No. 17-4625**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES FRANCIS FINNEGAN,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Greenville and Raleigh. W. Earl Britt, Senior, District Judge. (4:17-cr-00003-BR-1; 5:17-cr-00172-BR-1)

Submitted: May 10, 2018                                Decided: May 24, 2018

Before TRAXLER and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Francis Finnegan pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2012), and possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(B) (2012).  The district court sentenced Finnegan to 63 months of imprisonment and he now appeals.  Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Finnegan's sentence is reasonable.  The Government has filed a motion to dismiss the appeal based on the waiver in the plea agreement.  For the reasons that follow, we affirm the convictions and dismiss Finnegan's appeal of his sentence.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012).  *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014).  A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver.  *Id.*  Whether a defendant validly waived his right to appeal is a question of law that we review de novo.  *Id.* at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal."  *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005).  To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the

3

waiver is both valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

Moreover, the purpose of the Fed. R. Crim. P. 11 colloquy is to ensure that the plea of guilty is entered into knowingly and voluntarily. *See United States v. Vonn*, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. *Id.*; *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We further conclude that Finnegan's guilty plea and waiver of his appellate rights were knowing, intelligent, and voluntary. The appellate waiver included Finnegan's right to appeal any sentence imposed, except a sentence above the advisory Guidelines range. Here, the district court sentenced Finnegan below the advisory Guidelines range and, therefore, he has waived appellate review of his sentence.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm the convictions, grant the Government's motion to dismiss in part, and dismiss Finnegan's appeal of his sentence. This court requires that counsel inform Finnegan, in writing, of

4

the right to petition the Supreme Court of the United States for further review. If Finnegan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Finnegan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART*;
*DISMISSED IN PART*